IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Oscar Rivera Lobo, # 238677, | C/A No.: 1:11-254-JMC-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Sgt. Norman; Allen Tinasley; Sgt. Bambridge; John Doe, Officer; Jane Doe, Officer; Cpt. Hollister; Scotty Bodiford; Jim Doriety, Director, | |
| Defendants. | |

Plaintiff Oscar Rivera Lobo is a detainee in the Greenville County Detention Center and brings this civil action *pro se* pursuant to 42 U.S.C. § 1983 seeking money damages and injunctive relief. Plaintiff alleges that on January 22, 2011, inside his housing unit Z-2, the sewer line stopped working at 12:05 p.m. Plaintiff alleges that human sewage overflowed from two showers and toilets due to the faulty sewer line. Plaintiff alleges that the sewer problem was immediately reported to Defendants Tinasley and Norman, but they did nothing. Plaintiff alleges that he was left in his same location with the sewage for four hours before Defendant Bambridge moved him and other inmates to the recreation room at 4:00 p.m. While in the recreation room and moving a "stack-a-bunk" and a "mattress/mat," Plaintiff alleges that he fell and injured his left arm and fractured his left rib. Plaintiff alleges Bambridge ignored Plaintiff's request for medical help because Plaintiff is "Spanish." Another officer, John Doe, also allegedly refused to help Plaintiff get medical care for his injuries. Plaintiff alleges that on January

23, 2011, a female officer, Jane Doe, denied Plaintiff's request for medical help. Plaintiff further alleges that "[a]ll of the above defendants did not make any effort to get me medical help," and "[t]his established [a] case of deliberate indifference of the officers['] conduct that the superiors['] response to my medical need was so inadequate as to show deliberate indifference to the authorization of the practices and actions that Cpt. Hollister is the captain overall of the officers['] conduct. Mr. Scotty Bodiford [is] the jail administration over the detention center and Mr. Jim Doriety [is] the director of the detention center on a day to day account."

I.     Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the district judge. Plaintiff filed this action in forma pauperis pursuant to 28 U.S.C. § 1915. This statute authorizes the court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam). However, even under this less stringent standard, a portion of the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

II. Discussion

Defendants Cpt. Hollister, Scotty Bodiford, and Jim Doriety should be dismissed from this action because Plaintiff alleges no facts against them that would show their personal involvement with Plaintiff's exposure to sewage or with the denial or delay in Plaintiff's receiving medical treatment for his injuries after his fall. Hollister is alleged to be the captain of the other officers who allegedly violated Plaintiff's constitutional rights. Scotty Bodiford is alleged to be the jail administrator of the detention center, and Jim Doriety is alleged to be the director of the detention center. It appears that Plaintiff is suing Hollister, Bodiford, and Doriety solely because they may have supervised, managed, or are allegedly responsible for the other Defendants' alleged misconduct. At most, Plaintiff alleges that all Defendants failed to get him medical help. However, Plaintiff does not allege that Defendants Hollister, Bodiford, or Doriety had knowledge of

3

Plaintiff's need for medical help on January 22 or 23, 2011, and that they in any way personally refused, or approved other officers' refusal, to give medical treatment to Plaintiff.

The doctrines of vicarious liability and respondeat superior are not generally applicable in § 1983 actions. *See Baker v. Lyles*, 904 F.2d 925, 929 (4th Cir. 1990); *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977). Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized the subordinate's offensive practices or that the prisoner faced a pervasive and unreasonable risk of harm from some specified source and the supervisor's corrective inaction amounts to deliberate indifference. *See Miltier v. Beorn*, 896 F.2d 848, 854–55 (4th Cir. 1990). Even liberally construing the Complaint, Plaintiff does not allege facts that would tend to show Defendants Hollister, Bodiford, and Doriety did anything to tacitly authorize the alleged unconstitutional misconduct by other officers or otherwise acted with deliberate indifference. Although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). Therefore, Plaintiff

failed to state a claim on which relief may be granted as to Defendants Hollister, Bodiford, and Doriety.

III.     Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss Defendants Hollister, Scotty Bodiford, and Jim Doriety from this action without prejudice and without issuance and service of process. This action will continue as to Defendants Norman, Allen Tinasley, Bambridge, John Doe, and Jane Doe.[1]

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

March 18, 2011                                                        Shiva V. Hodges
Florence, South Carolina                                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[1] In an order entered contemporaneously with this Report and Recommendation, this Court authorized service of process upon Defendants Norman, Allen Tinasley, Bambridge, John Doe, and Jane Doe.